IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-30-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JESSIE JEROME JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday, 22 May 2013, for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer with the Fayetteville Police Department. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a four-count indictment on 9 February 2011 with: conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (*i.e.*, crack) beginning on or about December 2009 and continuing thereafter up to and including on or about 20 January 2010 in violation of 21 U.S.C. §§ 841(a)(1) and 846 (ct. 1); distribution of 5 grams or more of cocaine base on or about 6 January 2010 (ct. 2) and on or about 11 January

2010 (ct. 3) in violation of 21 U.S.C. § 841(a)(1); and possession with the intent to distribute 50 grams or more of cocaine base on or about 20 January 2010 in violation of 21 U.S.C. § 841(a)(1) (ct. 4). The evidence presented at the hearing showed that the charges arise, in part, from three controlled purchases of crack from defendant on 6, 11, and 20 January 2010, respectively. (In the third sale, defendant was arrested before he delivered the crack to the confidential informant but was in possession of the buy money and the drugs, resulting in a charge of possession with intent to distribute (ct. 6), rather than distribution itself.) The amount of crack in the first two sales was about one ounce and in the third sale four and a half ounces. In the first sale, defendant travelled to the scene of the buy in his mother's van. In the second sale, defendant consummated the sale outside of his mother's house after exiting it. This house is the proposed custodial home and is located in a high-drug-trafficking area of Fayetteville.

Defendant was in a serious car accident on September 2011, as a result of which he has purportedly suffered loss of 70% of his sight (at least for the present) and some brain damage. His mother holds his power of attorney, and he has lived with her since the accident. A nurse's aide comes to her home five times a week to bathe defendant, assist with cleaning up after him, and handle other such matters.

### Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of

2

the offenses charged, including the multiplicity of the drug transactions, the amount of drugs involved, and defendant's use of his mother's van in one transaction and perpetration of another outside her home; defendant's criminal record, including one felony conviction (from 2006), six misdemeanor convictions, defendant's commission of two offenses while on probation, and termination of defendant's probation for his drug felony unsuccessfully (ostensibly based in part on two positive drug tests); evidence that defendant has engaged in drug trafficking since the accident, including a number of wiretapped telephone calls (fewer than ten) in each of which defendant engaged in conversations in furtherance of drug trafficking, police surveillance of defendant's mother's home (as part of a broader investigation) showing at least eight members of a known drug trafficking organization entering the home, and packages with marijuana from Arizona and California being hand delivered to the home; the danger of continued drug-trafficking conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to defendant's prior commission of a drug transaction outside the home (after seemingly having the drugs with him inside the home), his use of his mother's van in connection with another drug transaction (showing, along with the transaction outside the home, his lack of respect for his mother and her property, and his willingness to use it to further his drug trafficking), the presence of the home in a high-drug-trafficking area, his mother's apparent longstanding lack of awareness of activities going on in the areas adjacent to her home and her neighborhood generally, the potential limitations on his mother's ability to supervise him due to hear disability due to cancer (although the extent of her health-related limitations was not developed at the hearing), and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

Defendant argued for his release largely on the basis of his diminished capacity to engage in offense conduct as a result of his accident. As indicated, however, the record contains convincing evidence that he retains the intent and ability to engage in such activities. Further, defendant presented no medical or other evidence showing that he is so incapacitated as to preclude drug-trafficking activity. The court also notes that he was apparently able to understand the information presented at his initial appearance, and there has been no suggestion that he is incompetent. His receipt of assistance with at least some activities of daily living is not by itself incompatible with the capacity for drug-trafficking activity. While defendant's visual impairment has limited his mobility, that limitation has not apparently stopped his drug-trafficking activity.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 23rd day of May 2013.

James E. Gates
United States Magistrate Judge